UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JEROME FRANKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:24-cv-577-GMB |
| TUSCALOOSA CITY SCHOOLS, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is a partial motion to dismiss and motion to strike filed by Defendants. Doc. 10.  Specifically, Defendants seek dismissal of Counts Three and Four of the amended complaint under Federal Rule of Civil Procedure 12(b)(6) and move to strike redundant portions of the amended complaint under Federal Rule of Civil Procedure 12(f). Doc. 10 at 3–7.  The motion is fully briefed (Docs. 10, 17 & 18) and ripe for decision.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 15.  For the following reasons, the motion will be granted in part and mooted in part.

### I. STANDARD OF REVIEW

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of some or all of the claims in a complaint if the allegations fail to state a claim upon which relief can be granted.  "Even

[though] a redundant . . . claim cannot be dismissed under Rule 12(b)(6) it can be stricken under Rule 12(f)." *Rook v. First Liberty Ins. Corp.*, 591 F. Supp. 3d 1178, 1182 n. 3 (N.D. Fla. 2022).  Indeed, under Rule 12(f), "a district court may strike from a pleading 'any redundant, immaterial, impertinent, or scandalous matter.'" *Bethel v. Baldwin County Bd. of Educ.*, 371 F. App'x 57, 61 (11th Cir. 2010) (quoting Fed. R. Civ. P. 12(f)).

## II.  DISCUSSION

The Amended Complaint asserts the following causes of action: (1) gender discrimination in violation of Title VII, (2) retaliation in violation of Title VII, (3) unequal pay in violation of the Equal Pay Act and the Lilly Ledbetter Fair Pay Act, and (4) violation of Alabama's Clarke-Figures Equal Pay Act. Doc. 7 at 15–37.

The first portion of Defendants' motion seeks to dismiss the two equal pay claims for failure to state a claim under Rule 12(b). Doc. 10 at 3–5.  Plaintiff concedes these claims "may be better addressed under Title VII, and thus does not contest dismissal of Counts 3 and 4 of Plaintiff's Amended Complaint." Doc. 17 at 2.  Accordingly, these claims will be dismissed.

As for the portion of the motion seeking to strike certain paragraphs as redundant under Rule 12(f), Defendants concede that the removal of Counts Three and Four essentially resolves their concerns about redundancy. Doc. 18 at 2. Accordingly, this portion of the motion is moot.

## III.  CONCLUSION

For these reasons, it is ORDERED that the partial motion to dismiss (Doc. 10) is GRANTED in part and MOOTED in part.  Counts Three and Four of the Amended Complaint are DISMISSED with prejudice.

Plaintiff is ORDERED to file a Second Amended Complaint on or before **August 23, 2024**.  The amended complaint must be an entire stand-alone complaint and must set forth each and every allegation and claim without reincorporating allegations and claims from any other pleading.  The amended complaint should omit Counts Three and Four and name the correct defendant or defendants.[1]

DONE and ORDERED on August 16, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[1] "The parties have conferred and agreed that Plaintiff will file a Second Amended Complaint, correctly identifying the Defendant as 'The School District of the City of Tuscaloosa.'" Doc. 18 at 3.